# C. W. SHUMAKER v. NORTHERN PACIFIC RAILWAY COMPANY.[1]

May 14, 1909.

Nos. 16,056—(84).

**Decision Not Supported by Evidence.**
> The decision of the trial court, to the effect that appellant had waived certain provisions in the contract under which respondent's stock was shipped, is not supported by the evidence.

Action in the district court for Hennepin county to recover $1,000 damages to eight carloads of cattle shipped over defendant's road. The case was tried before Brooks, J., who made findings and as conclusions of law found that plaintiff was entitled to $800 damages. From an order denying defendant's motion for a new trial, it appealed. Reversed and new trial granted.

*Charles W. Bunn* and *Charles Donnelly,* for appellant.
*Geo. C. Stiles* and *Wm. W. Bartlett,* for respondent.

LEWIS, J.

In September, 1906, respondent shipped eight carloads of cattle from Big Timber, Montana, to South St. Paul, over appellant's road, under a contract which provided, as a condition precedent to his right to recover for any damages to the stock, that he would give notice in writing of his claim to some officer or station agent of the company before the stock was removed from the place of designation or was mingled with other stock, and provided, further, that no action to recover any damage for injuries to the stock should be sustained unless the action should be commenced within sixty days after the damage occurred. Three other parties shipped other carloads of stock at the same time from other points in Montana, and all of the carloads constituted a part of the same train through to South St. Paul. One of the shippers, Fraser Bros., of Billings, Montana, filed a notice within the time provided by the contract,

[1]Reported in 121 N. W. 122.

claiming damages to the extent of $1,100 for negligent treatment of the stock. This claim was sent for collection to George C. Stiles, an attorney at law in Minneapolis, Minnesota, and on or about May 7, 1907, Mr. Stiles called on Mr. Horrigan, the claim agent of appellant at St. Paul, with reference to its collection. At that time no claims for damages had been filed by any of the other shippers; but it is contended by respondent that Mr. Horrigan, on behalf of the company, waived the provisions of the contract regarding time, and agreed to settle respondent's claim upon the same basis as the claim of Fraser Bros., then under consideration. Appellant having denied that it ever entered into any such agreement, this action was brought to recover the damages suffered by respondent, and the only question before this court is whether, under all of the evidence, the trial court was warranted in finding for respondent upon the question of waiver.

There is direct conflict in the testimony of the two principal witnesses; the attorney, upon the one side, claiming that he specifically mentioned respondent's claim and one other, known as the "Campbell claim," and that he mentioned the Shumaker claim by name, and showed Mr. Horrigan a power of attorney which authorized him to settle and collect it. Mr. Horrigan states that, at the time they were negotiating the claim of Fraser Bros., Mr. Stiles said he had two other small claims growing out of the same transaction which he desired appellant to settle, and that he told the attorney he would waive the question of time as to those claims, if he then had them in his possession for collection, but insisted that the names of the claimants were not mentioned, and that he never heard of the Shumaker claim until the following October, at least a year after the damage occurred.

A writing purporting to be a power of attorney was introduced in evidence, in connection with a letter from a Montana attorney; both documents being dated May 3, 1907. The power of attorney was neither witnessed nor acknowledged. In the course of the trial it developed that Mr. Stiles presented the Campbell and West claims, and that they were settled by the company shortly after settlement of Fraser Bros.' claim, upon the understanding by Mr. Horrigan that they were the two claims referred to by the attorney when settlement

was made of the claim of Fraser Bros., as above stated. There was also introduced in evidence a letter from Mr. Shumaker to Mr. Horrigan, dated July 6, 1907, making a demand for payment of damages to his stock, and Mr. Horrigan's answer thereto, dated July 17, 1907, denying liability; also another letter from Mr. Shumaker to Mr. Horrigan, of date July 30, 1907, pressing the same matter and insisting upon settlement, and Mr. Horrigan's answer of August 13, 1907, again denying liability. Mr. Stiles testified that the West claim was not one of the two referred to in the first conversation between Mr. Horrigan and himself, when negotiating the claim of Fraser Bros.

Without desiring to reflect upon the credibility of the witnesses or upon the judgment of the trial court, we are of opinion that respondent's contention is not fairly sustained by the evidence. The action is based upon the admission by respondent of his failure to comply with the contract and express waiver thereof by appellant. The question in dispute does not rest alone upon the credibility of the principal witnesses. The documentary evidence is entitled to great weight, and the absence of certain correspondence is not accounted for in a very satisfactory manner. There is no reasonable explanation of the fact that the client in person presented and pressed his claim to Mr. Horrigan in July for the first time, making no mention of the fact, if it was a fact, that the matter was in the hands of his attorney. In addition to this, it may be said that it was quite apparent that Mr. Horrigan settled the West claim with the understanding that it and the Campbell claims were the two referred to in the first conversation.

Order reversed and a new trial granted.